# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:08-cr-00321-GMN-GWF |
| vs. ) | |
| ) | **ORDER** |
| Varden Urfalyan, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Before the Court is the Motion to Waive Attorney/Client Privilege (ECF No. 61) filed by Plaintiff, United States of America ("the Government"). The Government requests that the Court order that the attorney-client privilege is waived as to all contentions raised in Mr. Urfalyan's Motion to Vacate pursuant to 28 U.S.C. § 2255, which was filed July 26, 2011. (*See* ECF Nos. 47, 48.)

On October 14, 2011, the Court filed its screening order (ECF No. 51) and the motion was fully briefed as of February 2, 2012. (*See* ECF Nos. 51, 56, 57.) On July 31, 2012, the Court set a non-evidentiary motion hearing (ECF No. 58), which took place on August 23, 2012 (ECF No. 60). At that hearing, the Court and the parties discussed the need for an evidentiary hearing so that Mr. Urfalyan's allegations of ineffective assistance of counsel could be argued, and so that his prior counsel, Jeffrey Shaner, could testify before the Court. (*See* Transcript of Proceedings, ECF No. 62.) Anticipating this testimony, the Government filed the instant motion.

As Mr. Urfalyan recognizes in his Response (ECF No. 63), a petitioner in a habeas corpus action who raises a claim of ineffective assistance of counsel waives the attorney-client privilege as to the matters challenged. *See Osband v. Woodford*, 290 F.3d 1036, 1042 (9th Cir.

2002) (citing *Wharton v. Calderon*, 127 F.3d 1201 (9th Cir. 1997)). "[I]t is within the discretion of the district court to issue an order limiting that waiver to the habeas proceeding in which the ineffective assistance question is raised." *Id.* (citing *McDowell v. Calderon*, 197 F.3d 1253 (9th Cir. 1999) (en banc)).

Here, Mr. Urfalyan argues that he has already "waived any attorney-client privilege that would impact upon prior counsel's failure to raise sentence factor manipulation and whether such was done for strategic reasons or simply overlooked and not considered as an issue to raise before the Court." (Response, 4:17-20, ECF No. 63.) He argues that "the Court should move forward with the evidentiary hearing . . . without the need to entertain waiving the attorney-client privilege at this time," and requests that the Court deny the Government's motion without prejudice. (*Id.* at 4:23-26, 5:2-3.)

The Government rejects this argument in its Reply, pointing out that its motion sought only to pursue questioning of Mr. Shaner that is relevant to the issues raised in Mr. Urfalyan's § 2255 motion, which is consistent with controlling law. *See Weil v. Investment/Indicators, Research & Management*, 647 F.2d 18, 24 (9th Cir. 1981) ("voluntary disclosure of the content of a privileged attorney communication constitutes waiver of the privilege as to all other such communications on the same subject") (collecting cases); *United States v. Ortland*, 109 F.3d 539, 543 (9th Cir. 1997) (quoting *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992)) ("Where a party raises a claim which *in fairness* requires disclosure of the protected communication, the privilege may be implicitly waived.").

The Court agrees with the Government that the Government is not limited to a simple yes-or-no question to Mr. Shaner as to whether or not he made a strategic decision. *See United States v. Quintero-Barraza*, 78 F.3d 1344, 1347 (9th Cir. 1995) (recognizing the purpose of a § 2255 proceeding to develop a record of "'what counsel did, why it was done, and what, if any, prejudice resulted'") (quoting *United States v. Molina*, 934 F.2d 1440, 1446 (9th Cir.

1991)).  Furthermore, the Court finds no grounds on which to deny the Government's motion without prejudice.  At the evidentiary hearing, prior to receiving any testimony, the Court will canvass Mr. Urfalyan to determine whether he wishes to proceed with his claim.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Waive Attorney/Client Privilege (ECF No. 61) is **GRANTED.**

**DATED** this 31st day of October, 2012.

_____
Gloria M. Navarro
United States District Judge