**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:08-cr-321-GMN-GWF |
| vs. ) | |
| ) | **ORDER** |
| VARDEN URFALYAN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is Petitioner Varden Urfalyan's 28 U.S.C. § 2255 post-conviction petition. Petitioner is not asking to set aside his guilty plea, but rather he is only seeking to set aside his sentence of seventy-two months in custody. More specifically, Petitioner claims he was deprived of his Sixth Amendment right to effective assistance of counsel at sentencing when his attorney failed to assert "sentencing entrapment" or "sentencing factor manipulation" in mitigation of his sentence. (Petition, 2, ECF No. 47.)

**I.     BACKGROUND**

At Petitioner's first sentencing hearing, the Court found that he did not meet his burden of demonstrating that he was eligible for the Safety Valve pursuant to U.S.S.G. § 5C1.2 as he failed to provide truthful information to the Government concerning his offense. Petitioner was facing a mandatory minimum sentence of ten (10) years. Upon further inquiry, this Court began to question whether petitioner was provided an adequate explanation by his defense counsel regarding the Safety Valve requirements. After the Court attempted to make it clear to the petitioner why he would not qualify for the Safety Valve, petitioner and his counsel conferred, and his defense counsel then offered a proffer on behalf of his client. The Court continued the hearing to allow Petitioner an opportunity to meet with the Government again.

According to the Government, Petitioner's "memory suddenly reappeared" during their subsequent meeting as he provided detailed information. (Resp., 4, ECF No. 56.) At the second sentencing hearing, the Government did not oppose the application of the Safety Valve; therefore, Petitioner received a six (6) year sentence instead of the mandatory minimum ten (10) year sentence.

## II.   LEGAL STANDARD

### A.   Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, a defendant must show both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In assessing counsel's performance, the question is whether counsel's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom. *Stokley v. Ryan*, 659 F.3d 802, 811-12 (9th Cir. 2011) (citing *Harrington v. Richter*, --- U.S. ---, 131 S.Ct. 770, 778 (2011)). "A reasonable tactical choice based on an adequate inquiry is immune from attack under *Strickland*." *Gerlaugh v. Stewart*, 129 F.3d 1027, 1033 (9th Cir. 1997). Moreover, counsel has no duty to raise non-meritorious arguments. *Shah v. United States*, 878 F.2d 1156, 1162 (9th Cir. 1989); *see also Boag v. Raines,* 769 F.2d 1341, 1344 (9th Cir. 1985) ("Failure to raise a meritless argument does not constitute ineffective assistance.").

### B.   Sentencing Entrapment

Petitioner claims his defense counsel should have requested an additional reduction at the sentencing hearing under the theory of sentencing entrapment or sentence factor manipulation. Sentencing entrapment or sentence factor manipulation occurs when a defendant, predisposed only to commit a minor or lesser offense, is entrapped into committing a greater offense subjecting him to greater punishment. *United States v. Staufer*, 38 F.3d 1103, 1106 (9th Cir. 1994). The burden is on the defendant to demonstrate by a preponderance of the

evidence both 1) the lack of intent to produce the quantity of drugs; and 2) the lack of capability to produce the quantity of drugs at issue. *United States v. Mejia*, 559 F.3d 1113, 1118 (9th Cir. 2009); *United States v. Naranjo*, 52 F.3d 245, 250 & n.13 (9th Cir. 1995).

The Ninth Circuit has warned that "law enforcement should not be allowed to structure sting operations in such a way as to maximize the sentences imposed on defendants." *Staufer*, 38 F.3d at 1107. Likewise, the Guidelines provide a specific departure guideline in which a court is authorized to exclude the surplus amount of narcotics from the calculation. U.S. SENTENCING GUIDELINES MANUAL § 2D1.1, cmt. n.5 (2012). However, it does not necessarily follow that counsel was ineffective for failing to raise this seemingly colorable[1] issue.

## III. DISCUSSION

In this case, Petitioner claims he was only predisposed to buying small quantities of methamphetamine for personal use until he was befriended by Detective Gennaro who formed a deep emotional bond[2] with Petitioner and pressured Petitioner into obtaining fifty grams or more of methamphetamine. The Court agrees that it was no coincidence that precisely this quantity is what subjected petitioner to the mandatory minimum sentence of ten years pursuant to 21 U.S.C. § 841. Detective Gennaro clearly devised and fashioned this transaction accordingly.

### A. Deficient Performance

The Court held an evidentiary hearing wherein Petitioner's prior counsel testified. (Mins. of Proceedings, ECF No. 78.) During the hearing, defense counsel summarized his extensive experience in the field of criminal defense and affirmatively stated that he was

---

[1] The Government does little to rebut these claims and merely argues against the ineffective assistance of counsel claim.

[2] Petitioner provides numerous examples to illustrate the powerfully intense relationship cultivated by the detective including the fact that Petitioner asked him to be the best man at his wedding. (Petition, 4, ECF No. 47.) Additionally, the detective provided Petitioner an extravagant birthday party at Sapphires Gentlemen's Club which was attended by numerous law enforcement personnel and included a Hummer limousine, and other VIP treatment such as bottle service. (*Id*. at 10.)

familiar with the legal theory of sentencing entrapment. He testified that he had previously argued for its application in the cases of previous clients, albeit in state court cases. Despite testifying to the contrary, defense counsel's vague articulation of sentencing entrapment leads the Court to the conclusion that just as with the previous issue regarding the application of the Safety Valve, defense counsel was most likely not familiar with the defense of sentencing entrapment or sentence factor manipulation at the time of Petitioner's sentencing hearing.

Even if the Court is incorrect in this conclusion, the Court finds that defense counsel failed to provide effective assistance by not making an adequate inquiry that would denote a tactical choice on the part of defense counsel. This statement is true in two ways.

First, it appears that defense counsel did examine the defense of entrapment as to the charges against Defendant, but concluded that the defense of entrapment had no merit in this case; and, that he did not then look any further into any other kind of entrapment defense, namely sentencing entrapment or sentence factor manipulation. In court, he sheepishly but sincerely testified that the defense of sentencing entrapment or sentence factor manipulation was "not at the top of the list, it was probably at the very bottom of the list, if at all." (Mins., ECF No. 78.) Therefore, the Court finds that defense counsel most likely failed to make the adequate inquiry into the defense, and his failure to use the defense was not because of a strategic choice, but because of a lack of inquiry.

Second, at the evidentiary hearing defense counsel explained his concern that the safety valve and the defense of sentencing entrapment were actually mutually exclusive; therefore, he elected not to raise the defense of sentencing entrapment out of fear the safety valve would be lost. It is unclear whether defense counsel made this determination at the time of his defense of Petitioner, or retrospectively after the instant petition was filed as he often qualified his answers with such phrases as "as I now understand it." (Mins., ECF No. 78.) Either way, again, a closer look at the safety valve and sentencing entrapment or sentence factor manipulation would have

revealed to defense counsel that the two are not in fact mutually exclusive. The language of the safety valve guidelines and sentencing entrapment or sentence factor manipulation guideline does not reveal that to be true and no case law exists stating otherwise. In fact, sentencing manipulation is most helpful in mandatory minimum cases because its application may result in a re-calculation of the drug amount such that the mandatory minimum is no long triggered. In this case, the parties stipulated, in the plea agreement, to the amount of drugs and the resulting total offense level[3] but also agreed that the "defendant may argue for a downward departure from the applicable guideline range…" (ECF No. 30.) Therefore, in this case, the Court finds that not employing the defense of sentencing entrapment or sentence factor manipulation was not a reasonable strategic choice as understood under *Strickland*. Thus, the Court finds that counsel's defense of Defendant was ineffective under the first prong of the *Strickland* standard as his performance was deficient.

### B. Prejudice

Turning to the second prong of *Strickland*, the Court finds that counsel's errors were so serious as to deprive Petitioner of a fair sentencing, a sentencing whose result is reliable. *See Strickland*, 466 U.S. at 687. The Court finds that the facts of the case are such that the defense of sentencing entrapment or sentence factor manipulation was a viable defense that should have been brought forth by defense counsel on behalf of Petitioner. Because the facts left open the defense of sentencing entrapment or sentence factor manipulation, the Court finds that Petitioner was prejudiced to the extent that Petitioner was deprived of a fair sentencing, a sentencing whose result is reliable; therefore, the second prong of the *Strickland* standard has been satisfied in this case. *See Strickland*, 466 U.S. at 687.

---

[3] Had defense counsel testified that he failed to argue for the sentencing manipulation departure because the parties stipulated in the plea agreement to the amount of drugs and the offense level, the Court might have denied this petition. However, the fact that counsel testified instead that he believed the departure was foreclosed by the safety valve causes this Court grave concerns in light of the appearance, in the first sentencing hearing, that counsel failed to understand and properly explain the Safety Valve to his client.

When ineffective assistance of counsel has been found, the proper remedy is to "put the defendant back in a position he would have been in if the Sixth Amendment violation had not occurred." *United States v. Blaylock*, 20 F.3d 1458, 1468 (9th Cir. 1994).  Therefore, Defendant's 72-month sentence is hereby vacated and a new sentencing hearing is ordered.

## IV.     CONCLUSION

The Court finds that the sentencing entrapment issue was a viable and persuasive argument which could have been raised in this case.  Petitioner's defense counsel did not make a reasonable tactical choice and therefore was ineffective for failing to argue for the application of the sentencing entrapment mitigator.  Further, the failure prejudiced Petitioner.

**IT IS HEREBY ORDERED** that Petitioner's 72-month sentence is **VACATED**.

**IT IS FURTHER ORDERED** that a new sentencing hearing shall be held within thirty (30) days from the date of entry of this Order, and the parties shall submit their sentencing memorandums no later than five (5) days prior to the sentencing hearing.

**DATED** this 23rd day of July, 2013.

_____
Gloria M. Navarro
United States District Judge